UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT LARKIN,

    Petitioner,

v.                                           Civil Action No. 4:11-cv-11669
                                            Honorable Gershwin A. Drain

DEBRA SCUTT,

    Respondent.
_____/

**<u>OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS
CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY</u>**

This is a habeas case filed by a Michigan prisoner under 28 U.S.C. § 2254. On April 18, 2011, Petitioner Scott Larkin filed this habeas petition, <u>pro se</u>, challenging his jury conviction for breaking and entering a vehicle causing damage.[1] On February 11, 2009, Larkin was convicted in the Lapeer County Circuit Court. He was sentenced on March 23, 2009, as a habitual offender, fourth offense, to thirty months to ten years in prison. Pursuant to the Michigan Department of Corrections website, Larkin was paroled on September 22, 2011. He is currently under the supervision of the Saginaw County Parole Office in Saginaw, Michigan. His supervision discharge date is March 22, 2013.

In his habeas petition, Larkin raises claims concerning the sufficiency of the evidence and the trial court's improper admission of other-acts evidence. For the reasons stated, the Court finds that Larkin's conviction is constitutionally sound. Therefore, the Court denies him habeas relief. The Court also declines to issue Larkin a certificate of appealability.

---

[1] MICH. COMP. LAWS § 750.356a(3).

## I. BACKGROUND

Larkin's troubles in this case arise because of an incident that occurred on April 16, 2008. The prosecutor's theory was that Larkin broke into Crystal Miller's car and stole her purse, while her car was parked at Lapeer Regional Hospital. The purse was later recovered in a dumpster. The hospital's surveillance camera captured Larkin on tape. The defense's theory was that Larkin, a deliveryman, stopped in the parking lot to get directions. Larkin did not testify at trial.

The Michigan Court of Appeals summarized the facts of the case. The recitation of those facts are entitled to a presumption of correctness under 28 U.S.C. § 2254(e)(1). They are as follows.

> Defendant was convicted of the April 2008 breaking and entry of a Jeep Grand Cherokee and the theft of a purse from inside. The Jeep was owned by an employee of the Lapeer Regional Hospital and was parked in the employee area of the hospital parking lot. Surveillance tape from a security camera that continually panned the parking lot showed defendant and his pickup truck next to the Jeep but did not capture the Jeep's window being smashed or the purse being taken. During the investigation of the B & E, it was discovered that defendant worked at a local auto parts business. When questioned about the incident, defendant acknowledged being the one on the videotape but claimed he was in the parking lot to ask directions while making a delivery. The stolen purse was discovered the next day in the dumpster of a business that was along the route of defendant's deliveries.
>
> At trial, a retired Michigan State Police trooper testified, as permitted by the ruling of the trial court at a pretrial hearing, regarding other similar acts involving defendant. Specifically, the trooper testified about numerous incidents in 2002 in which defendant used a steel punch to smash the windows of vehicles that were parked in "out of the way places" and took purses or other items from inside. The purses were normally discarded near the sites of the B & Es but with the money or ATM cards missing. With the trial court's permission, the prosecutor also read redacted portions of a transcript in which defendant pleaded guilty to a vehicle B & E. But the court prohibited the prosecutor from introducing evidence of a 1982 vehicle B & E in which a stereo and speakers were stolen. The trial court instructed the jury on the charged offense and provided a limiting instruction concerning the other acts evidence.

People v. Larkin, No. 291721, 2010 WL 2594944, at *1 (Mich. Ct. App. June 29, 2010).

After a two-day trial, the jury convicted Larkin of the above-stated charge. He was sentenced as described.

Following his conviction and sentence, Larkin filed a direct appeal with the Michigan Court of Appeals, raising the same claims raised in his habeas petition. The Court of Appeals affirmed his conviction and sentence. Larkin, 2010 WL 2594944, at *1, 6. On November 22, 2010, the Michigan Supreme Court denied Larkin's application for leave to appeal the Court of Appeals's decision. People v. Larkin, 488 Mich. 949, 794 N.W.2d 829 (2010).

Larkin neither filed a petition for a writ of certiorari with the United States Supreme Court nor a motion for relief from judgment with the state trial court. Rather, he filed this habeas action. Respondent, through the State Attorney General, argues in her answer to the petition that Larkin's insufficient-evidence claim is meritless and his trial-court-error claim is noncognizable on habeas review because it is a state-law claim.

## II. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when a state court has applied clearly established federal law in an objectively unreasonable manner. Id. at 409. Therefore, a federal habeas court may not issue a writ if it concludes the state court applied clearly established federal law merely erroneously or incorrectly. Id. at 411. The application must be unreasonable. Id.

The Supreme Court has explained that "[a] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" Renico v. Lett, 559 U.S. ---, ---, 130 S. Ct. 1855, 1862 (2010) (quoting Lindh v. Murphy, 521 U.S. 320, 333 n.7 (1997); Woodford v. Visciotti, 537 U.S. 19, 24 (2002) (per curiam)).

"[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. ---, ---, 131 S. Ct. 770, 786 (2011) (citing Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "[i]t bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Harrington, 562 U.S. at ---, 131 S. Ct. at 786 (citation omitted). The Sixth Circuit observed recently that "[t]his is a very high standard, which the [Supreme] Court freely acknowledges." Peak v.

Webb, 673 F.3d 465, 472 (6th Cir. 2012). The Peak court suggested that Harrington holds that the review standard "is even more constricted than AEDPA's plain language already suggests." Id. Thus, pursuant to section 2254(d), "[a] habeas court must determine what arguments or theories supported or . . . could have supported[] the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." Id. (internal quotation omitted). The Court must also recognize that habeas review is "limited to the record that was before the state court . . . ." Cullen v. Pinholster, 563 U.S. ---, ---, 131 S. Ct. 1388, 1398 (2011).

With those standards in mind, the Court proceeds to address Larkin's claims.

### III. DISCUSSION

#### A. Claim I–Insufficient Evidence

In his first habeas claim, Larkin alleges that the prosecution did not present sufficient evidence to satisfy the due-process standard of proving his guilt beyond a reasonable doubt of breaking and entering a vehicle causing damage.

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In re Winship, 397 U.S. 358, 364 (1970). On direct review, review of a sufficiency of the evidence challenge must focus on whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original) (citation omitted). "[A] federal habeas court faced with a record of historical facts that supports conflicting inferences [a court] must presume–even if it does not affirmatively appear in the record–that the trier

5

of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." Id. at 326; see also McDaniel v. Brown, 558 U.S. 120, 130 S. Ct. 665, 673 (2010) (same). In the habeas context, "[t]he Jackson standard must be applied 'with explicit reference to the substantive elements of the criminal offense as defined by state law.'" Brown v. Palmer, 441 F.3d 347, 351 (6th Cir. 2006) (quoting Jackson, 443 U.S. at 324 n. 16).

Thus, "[t]wo layers of deference apply to habeas claims challenging evidentiary sufficiency." McGuire v. Ohio, 619 F.3d 623, 631 (6th Cir. 2010) (citing Brown v. Konteh, 567 F.3d 191, 204-05 (6th Cir. 2009)). First, the Court must apply the Jackson standard: "whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Brown, 567 F.3d at 205 (emphasis in the original) (citing Jackson, 443 U.S. at 319). Second, if the Court were "to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, [the Court] must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable." Id. (citing 28 U.S.C. § 2254(d)(2)). A reviewing court does not reweigh the evidence or "redetermine [the] credibility of witnesses whose demeanor has been observed by the state trial court . . . ." Marshall v. Lonberger, 459 U.S. 422, 434 (1983).

Larkin was convicted of violating Michigan Compiled Laws § 750.356a(3). Michigan Compiled Laws § 750.356a states in pertinent part: "Except as provided in subsection (3), a person who enters or breaks into a motor vehicle . . . to steal or unlawfully remove property from it is guilty of a crime as follows:

    (a)    If the value of the property is less than $200.00, the person is guilty of a misdemeanor punishable by imprisonment for not more than 93 days or a fine of not more than $500.00 or 3 times the value of the property, whichever is greater, or both imprisonment and a fine.

        \*     \*     \*

> (3)   A person who violates subsection (2)(a) or (b) and who breaks, tears, cuts, or otherwise damages any part of the motor vehicle, house trailer, trailer, or semitrailer is guilty of a felony punishable by imprisonment for not more than 5 years or a fine of not more than $10,000, or both, regardless of the value of the property.

MICH. COMP. LAWS § 750.356a(2) and (3); see also People v. Dayson, No. 291702, 2010 WL 3666820, at \*6 (Mich. Ct. App. Sept. 21, 2010) (same).

In this case, not specifically citing the Jackson standard, the Michigan Court of Appeals addressed, and rejected, Larkin's insufficient-evidence claim, stating:

> Defendant argues there was insufficient proof, even when the evidence is viewed in a light most favorable to the prosecution, to permit the jury to conclude beyond a reasonable doubt that he was the one who broke into the Jeep and stole the purse from inside. The thrust of defendant's argument is that his mere presence in the vicinity of the crime scene does not amount to sufficient evidence that he committed the crime, especially since there was no evidence as to when the crime occurred. We hold, however, that the series of still photographs taken from a video surveillance camera provided ample circumstantial evidence that defendant was the perpetrator of the crime. Defendant admitted to being the person near the Jeep in the photos. No other persons were seen in the immediate area of the break-in. Taken in sequence, the surveillance photos showed (1) defendant's truck parked north of the Jeep and defendant standing near the passenger side of the Jeep, (2) defendant past the Jeep and moving toward his truck, (3) the truck parked directly in front of the Jeep with the driver's door open and defendant again at the passenger side of the Jeep, facing the truck, and (4) defendant near the open door of the truck. A fifth photo showed the location of the hospital in relation to the places defendant made deliveries on April 16, 2008, as well as the location of the business where the purse was found in a dumpster. As the prosecution noted, those locations were in a geographic line with each other and the auto parts dealer that employed defendant. Although there was no direct evidence of defendant's involvement in the B & E, such as fingerprints, the photos permitted a reasonable inference that he had the opportunity to smash the Jeep's window and remove the purse. Because the jury could "reasonably draw the inferences that it did," the evidence, considered with those inferences, was "sufficient to establish defendant's guilt beyond a reasonable doubt." And even though the police did not interview any construction workers who were in a different area of the parking lot, "the prosecution need not negate every reasonable theory consistent with the defendant's innocence, but merely introduce evidence sufficient to convince a reasonable jury in the face of whatever

contradictory evidence the defendant may provide."

Larkin, 2010 WL 2594944, at *2 (citations omitted).

The Court finds that the record supports the Michigan Court of Appeals's decision. The prosecution presented evidence from which a rational trier of fact could conclude beyond a reasonable doubt that Larkin was guilty of the crime charged. Jurors heard testimony from seven witnesses and saw photographs of Miller's car with the passenger side window broken, as well as a series of still photographs taken from a video-surveillance camera showing Larkin in the vicinity of Miller's Jeep. Further, Dennis Fitzgerald, Security Manager for Lapeer Regional Hospital, testified that he reviewed the video and saw only one individual, Larkin, near the Jeep. Moreover, Larkin admitted being that person. Lastly, Miller's purse was recovered from a dumpster located at Economy Foam Products, a business located along Larkin's delivery route. Thus, though circumstantial, this evidence is sufficient for a rational trier of fact to find the essential elements of the crime beyond a reasonable doubt, i.e. breaking and entering a vehicle to unlawfully remove property from the vehicle while causing damage to said vehicle. Therefore, the Court concludes that the state court's decision is neither contrary to, or an unreasonable application of, clearly established Supreme Court precedent, nor is it based on an unreasonable determination of the facts. Habeas relief is not warranted on this claim.

### B. Claim II–Improper Admission of Other-Acts Evidence

In his second habeas claim, Larkin alleges that the trial court erred in admitting other-acts evidence, evidence that he was a suspect in numerous vehicle thefts around southern Michigan in 2002. Retired Michigan State Trooper Tommy Tucker testified to the modus operandi of the thefts as follows. The thefts took place in out-of-the-way places, a window was broken out of the vehicle,

and a woman's purse was stolen and dumped at the side of the road, with the money and identification and bank cards taken. The suspect then would attempt to use the bank ATM card.

Respondent contends that the claim is not cognizable upon habeas review and lacks merit.

Trial court errors in the application of state procedure or evidentiary law, particularly regarding the admissibility of evidence, are generally not cognizable as grounds for federal-habeas relief. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Serra v. Michigan Dep't of Corr., 4 F.3d 1348, 1354 (6th Cir. 1993). Only when an evidentiary ruling is "so egregious that it results in a denial of fundamental fairness, it may violate due process and thus warrant habeas relief." See Bugh v. Mitchell, 329 F.3d 496, 512 (6th Cir. 2003).

As to the admission of prior acts, the United States Supreme Court has declined to hold that similar "other acts" evidence is so extremely unfair that its admission violates fundamental conceptions of justice. See Dowling v. United States, 493 U.S. 342, 352-53 (1990).[2] "There is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence." Bugh, 329 F.3d at 512. Consequently, there is no Supreme Court precedent that the state-court decision could be deemed "contrary to" under 28 U.S.C. § 2254(d)(1). Id. at 513; see also Adams v. Smith, 280 F. Supp. 2d 704, 716 (E.D. Mich. 2003).

The Court finds that Larkin's claim, that the state trial court violated the Michigan Rules of

---

[2] While the Supreme Court has addressed whether prior-acts testimony is permissible under the Federal Rules of Evidence, see Old Chief v. United States, 519 U.S. 172 (1997); Huddleston v. United States, 485 U.S. 681 (1988), it has not explicitly addressed the issue in constitutional terms.

9

Evidence by admitting the other-acts evidence, is not cognizable on habeas review because it is a state-law claim. See, e.g., Bey v. Bagley, 500 F.3d 514, 519 (6th Cir. 2007). Habeas relief is not warranted. However, even if Larkin stated a cognizable claim, the Court would conclude that he would not be entitled to relief. Larkin cannot show that the disputed evidence rendered his trial fundamentally unfair.

In this case, the prior acts were sufficiently similar to support the trial court's ruling that the evidence was relevant. The incidents all involved breaking and entering of vehicles. Larkin would enter the parking lot and move around, casing vehicles. The windows of the targeted vehicles were smashed with a similar instrument and the thefts involved small objects of value. The wallets or purses taken from the vehicles were discarded near the crime scene. Furthermore, the crimes tended to occur in the parking lots of institutional businesses. Thus, the admission of the indirect or circumstantial evidence had a relevant purpose. It was undisputed that Larkin was in the hospital parking lot and the video showed him casing the victim's vehicle. Despite the fact that there was no direct evidence that he broke the window and took Miller's purse, the evidence of his prior acts showed that he had committed similar offenses in such areas and under like conditions. Therefore, the evidence had a tendency to prove who committed the charged offense. Moreover, the trial court instructed the jury that the evidence could only be considered to determine that Larkin used a plan, scheme, or characteristic scheme, and not for any other purpose, such as showing that he was a bad person and therefore likely to commit the crime. Looking at the totality of the circumstances, the Court would conclude that Larkin was not denied a fundamentally fair trial.

### C. Certificate of Appealability

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right

to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a [certificate of appealability]." Miller-El, 537 U.S. at 327. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.
>
>      *       *       *
>
> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The Court concludes that reasonable jurists would not find its assessment of Larkin's claims debatable or wrong. The Court therefore declines to issue a certificate of appealability.

## IV. CONCLUSION

The state courts' decisions in this case were not contrary to federal law, an unreasonable application of federal law, or an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Larkin has failed to establish that he is presently in custody in violation of the Constitution or laws of the United States.

Accordingly, it is ordered that Larkin's petition for a writ of habeas corpus [ECF No. 1] is DENIED.

It is further ordered that the Court DECLINES to issue Larkin a certificate of appealability.

SO ORDERED.

/s/Gershwin A. Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated: October 15, 2012

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 15, 2012.

s/Tanya Bankston

TANYA BANKSTON

Case Manager